```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
LUIS SANCHEZ,                  :
                               :
          Plaintiff,           :
                               :
          -against-            :    REPORT AND RECOMMENDATION
                               :    04 Civ. 0466 (CLB)(MDF)
C.O. W. MIDDLETON and          :
C.O. D. ACEVEDO,               :
                               :
          Defendants.          :
-------------------------------X
```

**TO: THE HONORABLE CHARLES L. BRIEANT, U.S.D.J.**

In February 2004, Plaintiff Luis Sanchez ("the Plaintiff") commenced this action against Corrections Officers Middleton and Acevedo,[1] officials at the Sing Sing Correctional Facility ("Sing Sing") (collectively, the "Defendants"), alleging that these individuals used excessive force against him in retaliation for a verbal complaint he had previously made and filed a false misbehavior report in violation of his constitutional rights. This matter was referred to me for general pre-trial supervision and for a Report and Recommendation on the Defendants' currently pending motion for summary judgment.

In their application, Defendants move for dismissal based on the doctrine of collateral estoppel, asserting that the issues of

---

[1] Initially, Plaintiff named Superintendent Brian Fischer and Sergeant Toussaint as defendants; however, they were dismissed from the action, pursuant to an order entered by this Court on February 10, 2005. *See* 2/10/05 Memo Endorsed Order.

fact raised by the Plaintiff were already decided by the New York State Court of Claims and that the Plaintiff had a full and fair opportunity to litigate those issues in the Court of Claims. Defendants also argue that Plaintiff's submissions fail to establish an actionable claim of filing a false misbehavior report.

## BACKGROUND

### I. Complaint

In his amended complaint, Plaintiff alleges, *inter alia*, that, on November 28, 2002, while he was an inmate at Sing Sing, Defendants Acevedo and Middleton assaulted him in retaliation for having previously complained to Sergeant Toussaint that Acevedo had refused to allow him to shower after completion of his work assignment. *See* Amended Compl. at § IV (attached as Ex. A to Decl. in Support of Motion for Summary Judgment ("Hartofilis Decl.")). Plaintiff claims that, during this assault, he was struck "twice in the chest (solar plex) region with a closed fist" and then "ki[c]ked . . . repeatedly in and about[ ]his head, and st[o]mped on [his] head." *Id*. Plaintiff further alleges that Officer Middleton subsequently filed a false misbehavior report charging Plaintiff with violent conduct, refusing a direct order, threats, and being out of place, in order to cover up the alleged assault. *See id*.

## II. <u>Court of Claims Proceedings</u>

Prior to filing his complaint in this action, Plaintiff filed an action against the State in the Court of Claims based upon the occurrences of November 28, 2002. *See* Hartofilis Decl., Ex. C (Claim). In his claim, Plaintiff claimed that, after being told that he could not take a shower, Officer Middleton removed him from his cell and pushed him into an area where Officer Acevedo was waiting for him. *See id*. He asserted that "Officer Middleton struck [him] in the chest and forced [him] to the floor where Officer Acevedo struck [him] in the back while on the floor and step[p]ing on his head." *Id*. Plaintiff also alleged that defendant Middleton subsequently fabricated a misbehavior report in order to cover-up the alleged assault; however, he did not assert a separate cause of action based on this allegation. *See* Hartofilis Decl., Ex. C.

On April 29, 2005, a trial was held on Plaintiff's claims before the Honorable Thomas H. Scuccimarra of the Court of Claims. *See* Hartofilis Decl., Ex. D (Transcript). At the trial, Plaintiff was provided with a Spanish language interpreter and indicated that he understood how the proceeding would be conducted. *See id*. at 4-6. Plaintiff provided testimony regarding the incident, during which he admitted that he did, in fact, disobey a direct order from the officers. *See id*. at 8-31. He also was provided with an opportunity to cross-examine the

3

witnesses called by the State, *see id*. at 41-42, 69-71, and to make a closing statement to the court, *see id*. at 75-76.

On May 16, 2005, the Court of Claims issued a decision dismissing Plaintiff's claim, finding that he had failed to establish by a preponderance of the credible evidence that excessive force had been used against him by Acevedo and Middleton during the November 28, 2002 incident. *See* Hartofilis Decl., Ex. E (Decision). In his decision, Judge Scuccimarra held as follows:

> The amount of force used was what was reasonably necessary to restrain an otherwise agitated and belligerent inmate. What force is used is measured by what was reasonably apparent to the officers involved. As indicated by Officer Acevedo, he was not familiar with Claimant prior to this incident, and saw a seeming threat to security and rendered assistance. Once Claimant was restrained by Officers Middleton and Acevedo, there was no additional force used beyond that necessary to restrain and handcuff him.

*Id*. at 11. The court stated,

> The medical evidence submitted substantiates minor injury consistent with a brief take-down maneuver, not the kicking and punching described by Claimant. Additionally, two years after the incident, when the medical record described by Dr. Perilli as showing unrelated medical conditions, Claimant is reported[ly] trying to link the alleged assault to stomach problems. Dr Perilli credibly stated that he did not find any link between the Claimant's complaints and an assault.

*Id*. at 10-11. With respect to Middleton's subsequent use of force report, which Plaintiff claims was "fabricated," the court found that the report demonstrated that a contemporaneous record

4

was made and that it was consistent with the testimony given by defendant Acevedo at trial. *See id*. at 10. The court made the following findings:

> There was no evidence, other than the self-serving testimony of the Claimant, that he was told to exit his cell for a shower, after having been denied the opportunity before, or that any excessive force was used by correction officers in the face of Claimant's admitted denial of at least three direct orders to, first, return to his cell, and second, open his fist. While to Claimant it may have seemed reasonable to disobey a direct order, and he seemed noticeably frustrated by the denial of the opportunity to take a shower, his own testimony shows that he repeatedly did not follow the direction given by the correction officer. Indeed, even the version presented by Claimant, in which he is cast in the role of unsuspecting victim, primarily describes physical actions taken by the correction officers consistent with standard "take-down" maneuvers.

*Id*. at 10.

## **DISCUSSION**

### I. **Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir. 1995). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly

supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby*, 477 U.S. 242, 247 (1986).

In considering a motion for summary judgment, a genuine issue of fact exists where the evidence, viewed in a light most favorable to the non-moving party, is sufficient to support a reasonable jury's verdict in the non-moving party's favor. *See Nabisco v. Warner-Lambert Co.,* 220 F.3d 43, 45 (2d Cir. 2002). "A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no issue warrant judgment for the moving party as a matter of law. *See Quinn v. Green Tree Credit Corp.,* 159 F.3d 759, 765 (2d Cir. 1998) (citing *Cronin*, 46 F.3d at 202).

Defendants provided the Plaintiff with the required Notice to Pro Se Litigant Opposing Motion for Summary Judgment.

**II. <u>Collateral Estoppel</u>**

Under New York law, the doctrine of collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same." *Ryan v. New York Telephone Co.*, 62 N.Y.2d 494, 500, 467 N.E.2d 487, 490, 478 N.Y.S.2d 823, 826 (1984). "It is well-settled that

6

collateral estoppel may bar a plaintiff from bringing an action in federal court pursuant to 42 U.S.C. § 1983." *Shell v. Brun*, 362 F.Supp.2d 398, 400 (W.D.N.Y. 2005).

There are two requirements for the application of collateral estoppel to an issue: (1) "[t]here must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action," and (2) "there must have been a full and fair opportunity to contest the decision now said to be controlling." *Schwartz v. Public Administrator*, 24 N.Y.2d 65, 71, 246 N.E.2d 725, 729, 298 N.Y.S.2d 955, 960 (1969). *See Burgos v. Hopkins,* 14 F.3d 787, 792 (2d Cir. 1994). The party seeking the benefit of collateral estoppel has the burden of showing the identity of the issues, whereas the party contesting its application has the burden of showing he did not have a full and fair opportunity to adjudicate the claims in the prior action. *See Khandhar v. Elfenbein*, 943 F.2d 244, 247 (2d Cir. 1991).

### A. Identity of Issues

To show an identity of issue, "the issue must have been material to the first action or proceeding and essential to the decision rendered therein . . . and it must be the point actually to be determined in the second action or proceeding such that a different judgment in the second would destroy or impair rights or interests established by the first." *Ryan*, 62 N.Y.2d at 500-

01, 467 N.E.2d at 490, 478 N.Y.S.2d at 826 (internal quotation marks and citations omitted).

In the instant case, the complaints in both the federal and state actions are based on Plaintiff's allegations that he was assaulted without provocation by Officers Acevedo and Middleton, and that Middleton filed a false misbehavior report against him for his conduct during the alleged assault. A reading of the claim Plaintiff filed in the Court of Claims and of the instant complaint reveals that the allegations of excessive force on November 28, 2002 at Sing Sing are identical in both pleadings. *Compare* Amended Compl. *with* Hartofilis Decl. at Ex. C (Claim).

Although the Court of Claims did not consider Plaintiff's claim as a civil rights issue nor as a claim against the individual officers, the Court of Claims conclusively resolved the same set of facts which underlie both claims. Whether or not the claim is characterized as an assault and battery claim or as a violation of Plaintiff's Eighth Amendment rights, the underlying issues are the same – did the officers assault Plaintiff and did he disobey a direct order, as set forth in the challenged misbehavior report? These issues were necessarily decided by the Court of Claims and are dispositive of the action currently before this Court. *See Wright v. Coughlin*, No. 85-cv-0624, 1987 WL 19633, at *2 (S.D.N.Y. Nov. 5, 1987). *See also Shell*, 362 F.Supp2d at 401 (noting that "[n]umerous courts in

this Circuit have held that collateral estoppel precluded an inmate's § 1983 claims against individual correctional officers based on a prior action brought against the State concerning the same underlying facts or incident" and collecting cases). The Court of Claims determined that the evidence was insufficient to prove that an assault had occurred, that Plaintiff admitted that he had disobeyed a direct order from an officer, that he was not subjected to unnecessary force, and that the proof offered by Plaintiff at trial attempting to link his alleged stomach problems to the alleged assault was not credible.

Plaintiff's contention that issue preclusion does not apply here because the federal civil rights claims raised in this action could not have been raised in the Court of Claims is not correct. When determining whether issue preclusion applies, "[w]hat is controlling is the identity of the issue which has necessarily been decided in the prior action or proceeding . . ." not the way the cause of action is framed, the nature of the relief sought, or the availability of the relief in the prior forum. *Ryan*, 62 N.Y.2d at 500, 478 N.Y.S.2d 823, 467 N.E.2d 487. Indeed, in *Wright v. Coughlin*, a federal civil rights action, this Court held that a prior New York Court of Claims decision collaterally estopped the Plaintiff from asserting an excessive force claim, even though the plaintiff could not have litigated civil rights claim against individual corrections officers in the

Court of Claims. *See* 1987 WL 19633, at *2, *aff'd*, 868 F.2d 1268 (2d Cir. 1988).

Accordingly, I find that the Defendants have met their burden of demonstrating the identity of issues for purposes of collateral estoppel.

**B.** **Full and Fair Opportunity to Litigate**

The only remaining question is whether the Plaintiff was afforded a full and fair opportunity to be heard during the action before the Court of Claims. In determining whether a party had a full and fair opportunity to litigate a claim in a prior proceeding, a court must consider the following factors: "the nature of the forum and the importance of the claim in the prior litigation, the incentive and initiative to litigate and the actual extent of litigation, the competence and expertise of counsel, the availability of new evidence, the differences in the applicable law and the foreseeability of future litigation." *Ryan*, 62 N.Y.2d at 501, 467 N.E.2d at 491, 478 N.Y.S.2d at 827.

With respect to the factor concerning the competence of counsel, the mere fact that Plaintiff proceeded *pro se* before the Court of Claims does not sufficiently establish that he was denied a full and fair opportunity to be heard. *Clark v. Dep't of Corr. Svcs.,* 564 F.Supp. 787, 789 (S.D.N.Y. 1983). Plaintiff argues that he "had no id[ea] how to conduct himself in the hearing" and that "the most telling failure was not calling his

witness." Plaintiff's Affidavit in Response at ¶ 5. This assertion, however, is flatly contradicted by the record of the Court of Claims trial where, Plaintiff, through the interpreter, stated that he "has a witness" but that he "doesn't believe there's any need to bring the witness." Hartofilis Decl., Ex. D at 22. I further note that at no time during the Court of Claims trial did Plaintiff express dissatisfaction with the way in which the proceedings were being conducted and at no time did he request that he be represented by an attorney.

The remaining factors set forth in *Ryan* also weigh in favor of finding that Plaintiff had a full and fair opportunity to litigate the claims he asserts in the instant lawsuit. First, the prior action was adjudicated in a formal proceeding in a court of record and Plaintiff's claims that the Defendants used excessive force and falsified the subsequent misbehavior report were central to the proceeding just as they are in this case. Further, in the Court of Claims proceeding, Plaintiff presented evidence and cross-examined the State's witnesses. *See* Hartofilis Decl., Ex. D at 41-42, 69-71. He testified regarding his version of the alleged assault incident, *see id*. at 17-20, and the alleged false misbehavior report, *see id*. at 20-21, and was provided with an opportunity to make a closing argument to the court, *see id*. at 75-76. Moreover, Plaintiff's rights were fully explained to him, he stated that he understood them, and a

Spanish language interpreter was provided. *See id*. at 4-6. Additionally, in this action, Plaintiff offers no new evidence and "the legal differences between the claims raised in the state case and the present one . . . are not relevant to the central credibility determination that resolved the prior case and must ultimately resolve the present one as well." *Goodson v. Sedlack*, 212 F.Supp.2d 255, 258 (S.D.N.Y. 2002). Finally, additional litigation between these parties is not foreseeable.

On this record, this Court should find that Plaintiff had a full and fair opportunity to litigate the factual issues underlying his claims against the Defendants. The claims were decided adversely to Plaintiff by the Court of Claims and the decision on those issues was necessary to the resolution of the case. Accordingly the doctrine of collateral estoppel bars the relitigation of those same factual issues here. To allow the plaintiff to pursue this case would thwart the purpose and policy behind the doctrine of collateral estoppel. The equities of this case mandate the determination that Plaintiff is barred from re-litigating these claims.

III. **Plaintiff's Retaliation Claim**

Finally, to the extent that Plaintiff alleges that Officer Middleton filed a false misbehavior report in retaliation for a previous verbal complaint made by Plaintiff, Plaintiff has failed to come forward with any proof of retaliation in connection with

12

his alleged exercise of a constitutionally protected right to withstand summary judgment. Moreover, to the extent that Plaintiff claims that the filing of a false misbehavior report violated his right to due process, it is well-established that a prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report. *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997).

## CONCLUSION

Based on the foregoing, it is respectfully recommended that the Defendants' motion for summary judgment be granted and that Plaintiff's complaint be dismissed.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Rule 72(b), Fed. R. Civ .P., the parties shall have ten (10) days, plus an additional three (3) days, pursuant to Rule 6(e), Fed. R. Civ. P., or a total of thirteen (13) working days, (*see* Rule 6(a), Fed. R. Civ. P.), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Charles L. Brieant, at the United States Courthouse, 300 Quarropas Street, Room 275, White Plains, New York, 10601, and to the chambers of the undersigned at Room 434, 300 Quarropas Street, White Plains, New York 10601.

Failure to file timely objections to the Report and Recommendation will preclude later appellate review of any order to judgment that will be entered by Judge Brieant. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Frank v. Johnson*, 968 F.2d 298 (2d Cir.), cert. denied 113 S. Ct. 825 (1992); *Small v. Secretary of H.H.S.*, 892 F.2d 15,16 (2d Cir. 1989) (*per curiam*); *Wesolek v. Canadair, Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988). Requests for extensions of time to file objections must be made to Judge Brieant and should <u>not</u> be made to the undersigned.

SO ORDERED

Dated: July 6, 2006
White Plains, New York

_____
Mark D. Fox
UNITED STATES MAGISTRATE JUDGE

Copies of the foregoing Report and Recommendation have been sent to the following:

The Honorable Charles L. Brieant, U.S.D.J.

Luis Sanchez, No. 84-A-4312
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562

Maria Hartofilis, Esq.
Assistant Attorney General of the State of New York
120 Broadway
New York, New York 10271